IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|   |   |
|---|---|
| DEMARAY LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>INTEL CORPORATION,<br><br>    Defendant. | Civil Action No. 6:20-cv-00634-ADA<br><br>[PUBLIC VERSION] |

## SEALED ORDER

Plaintiff seeks an order compelling Intel to provide certain information relating to its use of the Applied Materials ▇ chambers for depositing ▇▇▇▇ layers. Intel opposes Plaintiff's request. On September 1, 2022, the parties submitted a discovery dispute chart with their respective positions and requested relief, which is reproduced below.

| Issue | Demaray's Position | Intel's Position |
|---|---|---|
| Motion to Compel Intel To Produce Discovery On All of the ▇ chambers it uses | Intel improperly seeks to withhold information regarding its use of Applied Materials ▇ chambers to deposit layers other than ▇, including at least ▇ ▇ chambers have been front and center in this case since February 2022, when Demaray confirmed through a third-party part supplier, ▇▇▇ Discovery indicates that ▇▇▇ regardless of the type of layer deposited (*e.g.*, ▇ | Demaray's accusations of discovery violations and "untruthful[ness]" are uncalled for, unfounded, and wrong. Demaray's new "dispute" is the result of ***Demaray's*** attempt to redefine the scope of this case to encompass products that it has long known about, but expressly *dropped* from its infringement contentions. Demaray's motion should be denied.<br><br>***First***, Demaray's accusations are refuted by the record.<br><br>Intel produced documents and provided interrogatory responses referencing Intel's use of ▇ ▇ chambers in January and |

| Issue | Demaray's Position | Intel's Position |
|---|---|---|
| | and thus chambers for all such layers are at issue if they are used.<br><br>Intel identified its use of ▮▮▮▮ in discovery, but has hidden its use of such chambers for deposition of other types of layers, *e.g.*, ▮. On August 19, Intel produced a ▮▮▮ confirming that it is indeed depositing ▮▮▮, giving Demaray reason to believe that Intel may be using ▮ chambers in an infringing manner. Demaray promptly raised the need for disclosures regarding Intel's use of ▮ chambers for other layer types. Intel refuses to even identify such uses, let alone provide discovery about them.<br><br>Demaray put Intel on notice that Applied ▮ chambers are accused. Demaray's Final Infringement Contentions state, for example, that the ▮ chambers include a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ICs ('276) at 35 (citing, *e.g.*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Demaray also identified deposition of ▮▮▮▮▮▮pecifically, but acknowledged that ▮▮▮▮▮▮▮▮ | February *2021*. Demaray has also known since February *2021*—via Applied witness testimony—that *all* ▮▮▮▮▮▮▮▮▮. 02/09/2021 Miller Dep. 75:3-11 (agreeing ▮▮▮▮▮▮▮▮▮).<br><br>Knowing this, Demaray *dropped* ▮▮▮ chambers before its Final Infringement Contentions ("FICs"). Demaray's FICs explain why: ▮▮▮▮▮▮▮ FICs, Ex. A, p.4 n.2 ("Applied and Intel have represented that ▮ chambers for ▮▮▮▮▮▮. Miller Depo. at 79:25-80:3 …. Demaray expressly reserves the right to supplement these contentions to address any other ▮▮▮▮▮▮ if such chambers are identified…."))); 02/09/2021 Miller Dep. 79:25-80:3 (agreeing for ▮▮▮▮▮▮). Thus, Demaray's own contentions contradict Demaray's statement *now* that it recently learned of the ▮▮▮ chambers. *See* Submission at 2 (citing FICs ('657) at 4).<br><br>Having dropped ▮▮▮ chambers from its contentions, Demaray should not now be heard to belatedly incorporate them. 01/26/2021 Tr. 73:15-74:14.<br><br>*Second,* there is no new evidence giving rise to Demaray's about-face. Demaray's assertion |

| Issue | Demaray's Position | Intel's Position |
|---|---|---|
| | ███████ FICs ('657) at 4. It turns out Intel's assertion was untruthful and Demaray now needs discovery on the ███ layers.<br><br>Intel tries to excuse hiding its full use of ███ chambers with an apparent ***non-infringement argument*** that ███████ does not meet the claimed bias element. But, Intel has never articulated the details of this argument or revealed that it was using it to withhold discovery. Demaray disagrees with Intel's unsupported argument, which ignores capacitive coupling between the RF and the substrate. Some claims merely require "coupling" in this regard, and the patents explicitly teach capacitive coupling through plasma ('276 col. 5:26-27)—disclosures Intel apparently ignores.<br><br>By hiding its use of ███████ (and potentially other layers) and refusing any related disclosures, Intel effectively pushing for summary judgment of non-infringement by means of a discovery blockade. The Court just recently denied Intel's motion to strike infringement contentions because it would "effectively grant summary judgment of non-infringement on…accused systems in favor of Intel" during the fact discovery stage. The same reasoning applies here.<br><br>**<u>Requested Relief:</u>** | that its first awareness occurred on August 19, *2022*, is factually incorrect:<br><br>• Demaray raised the ███ ███ chambers with Intel on August 10—*before* the ███ was produced; and<br><br>• That ███ does not reference ███<br><br>***Third,*** the parties have been operating under a mutual understanding of the scope of discovery that includes *only* ███████████. Demaray's attempt to obtain discovery on reactors that it previously dropped ███████—contradicts Demaray's representations to this Court and the PTAB. For example, Demaray represented that reactors with "an RF bias generator connected to the substrate" is "the grouping of reactors *that are at issue in this case*." 09/27/2021 Tr. 36:14-19, 34:23-35:1. To the PTAB, Demaray argued "the bipolar pulsed DC power source and RF power are coupled to different components (target and substrate respectively)." *E.g.,* IPR2021-00104, Paper 7, p.41. Demaray ignores these facts.<br><br>Tellingly, Demaray relied on this self-defined scope to justify its refusal to produce Symmorphix documents where ███████ |

3

| Issue | Demaray's Position | Intel's Position |
|---|---|---|
| | Respectfully, the Court should order Intel to:<br><br>(1) Supplement its response to Interrogatory No. 1 to fully disclose its uses of the accused ▮<br><br>(2) Provide disclosures on each layer it deposits in ▮ chambers, similar to the information recently provided on the ▮ layer, including information about the uses and benefits of those layers in Intel products; and<br><br>(3) Provide other relevant technical discovery on those layers, including ▮ ▮ development documents, and the like. | ▮ systems "aren't accused" and "not relevant." 11/17/2021 Tr. 9:17-22, 11:19-12:2.<br><br>*Finally*, the ▮ chambers do not have the claim-required NBRF.<br><br>There are other misstatements in Demaray's discovery dispute submission, but Intel cannot address all in 500 words.<br><br>**Requested Relief:**<br><br>Intel respectfully requests that the Court deny Demaray's motion. |

The Court, after having reviewed the parties' respective submissions and heard the parties' positions on September 14, 2022, **DENIES** Plaintiff's requested relief.

In addition, as discussed at the hearing, the parties shall submit a proposed Joint Motion to Modify the Scheduling Order that includes a September 11, 2023 trial date.

**IT IS SO ORDERED.**

**SIGNED** this 22nd day of September, 2022.

*(signature)*
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE